## EDNA GREY MARTIN v. WILLIAM AUGUSTUS MARTIN.

(Filed 25 November, 1964.)

**1. Divorce and Alimony § 18—**

> While the amount of alimony *pendente lite* for the support of the wife and minor children rests in the sound discretion of the trial court, such discretion must be exercised with regard to the conditions and circumstances of the parties and the current earnings of the husband and his ability to pay, as well as the needs of the children.

**2. Same;    Appeal and Error § 46—**

> Where the amounts allowed as alimony *pendente lite* are excessive and unrealistic if the facts set forth in the husband's affidavit as to his earnings and obligations are true, such allowance exceeds the limits of judicial discretion, and in the absence of specific findings with respect to the matters set out in the affidavit or indication that such matters were considered by the court, the cause must be remanded.

APPEAL by defendant from *Johnson, J.,* at Chambers July 1, 1964. From JOHNSTON County Superior Court.

This is an action pursuant to G.S. 50-16 for alimony without divorce, custody of children, subsistence for the children, attorney's fees, and possession of the home of the parties.

Plaintiff and defendant were married 24 May 1958 and are now separated. There are three children of the marriage, ages 5, 3 and 1.

The cause came on for hearing and was heard on plaintiff's motion for custody and alimony *pendente lite*. Defendant interposed a demurrer *ore tenus*. The court overruled the demurrer, found certain facts, and adjudged that it is for the best interest and welfare of the children that their custody be awarded to the plaintiff, with visitation privileges to the father, that plaintiff "have possession and control" of the home, and that defendant assume certain obligations and make specified payments for the support of plaintiff and the children.

Defendant appeals.

*Spence & Mast and Britt & Ashley for plaintiff.*
*Albert A. Corbett and Pope Lyon for defendant.*

PER CURIAM. The allegations of the complaint, if established on the trial, are sufficient to base an award of alimony. *Lawson v. Lawson,* 244 N.C. 689, 94 S.E. 2d 826.

The court found facts, and the only findings with respect to defendant's financial circumstances and earnings are that his "take-home" pay is $457 per month, and that he receives a $20 monthly pension from the Veterans Administration which is used by him "in payment of his

G. I. insurance and the loan on said policy of insurance." The court ordered that plaintiff "have the right of possession of the home of the parties, owned by the entireties," that defendant "pay on the note secured by deed of trust on said home . . . $110.00 per month," pay plaintiff for support of herself and children $42.50 per week, and pay the light, water, sewer and telephone (not including long distance calls) bills arising by reason of the use and occupancy of the home by plaintiff and the children.

The hearing was on affidavits. Defendant's uncontradicted affidavit tends to show the following facts: Defendant owns no real estate other than the home, which is owned by the entireties and is mortgaged. The home consists of a house and lot in Smithfield; the house was renovated prior to the hearing. Defendant is obligated to make monthly payments, in addition to the payments required in the order herein, $41 automobile payments (30 payments remaining), $18 hospitalization insurance. Defendant has other indebtedness, $5000 borrowed for down payment on and renovation of the home, $300 for materials used in the renovation, $130 floor covering, $115 drug store account, $200 oil bill, $100 auto and fire insurance, and $250 city and county taxes. He is attempting to pay $25 per week on these accounts. The operation and maintenance of automobile for transportation to and from work costs $50 per month. Defendant's take-home pay is $457 per month.

If defendant's evidence is true, defendant will have, including the payments required by the order herein, fixed and certain charges of at least $370 per month out of his monthly income of $457. From the balance of $87 per month defendant must provide for himself food, clothing, shelter and other necessaries, provide for the operation and maintenance of his automobile for transportation to and from work, provide for emergencies, and make payments on additional obligations of $6095 incurred on behalf of his family. It is obvious that such is impossible.

There is no evidence that defendant has any income other than his monthly wages, or any other assets to which resort may be had. The amount of alimony allowable *pendente lite* is a matter of sound judicial discretion having regard to the condition and circumstances of the parties and the current earnings of the husband. *Conrad v. Conrad*, 252 N.C. 412, 113 S.E. 2d 912. In providing for the support of minor children the ability of the father to pay, as well as the needs of the children, must be taken into consideration by the court. *Coggins v. Coggins*, 260 N.C. 765, 133 S.E. 2d 700.

If the facts set out in defendant's affidavit are true, the payments required of defendant are clearly excessive, unrealistic and beyond the

limits of judicial discretion. The court made no specific findings with respect to the matters set out in the affidavit, and it does not appear whether they were considered. The cause is remanded for determination of proper alimony *pendente lite* and subsistence for the children in accordance with the rules above stated.

Error and remanded.