WAVIELINE PERRY EDWARDS v. HERBERT E. EDWARDS.

(Filed 15 January, 1965.)

**1. Divorce and Alimony § 22—**

Where, in the wife's action for alimony without divorce and for maintenance and support of the children of the marriage, she serves notice on the husband before the hearing that she would request the court to award to her custody of the children, and it appears that the husband has theretofore instituted in the same Superior Court *habeas corpus* proceedings for the custody of the children, the court acquires jurisdiction to hear and determine all questions raised in both proceedings, notwithstanding that in the wife's action she does not pray for the award of the custody of the children.

**2. Divorce and Alimony § 24—**

An order awarding custody of the children to the wife upon condition that she live without any financial support from her husband, reside in the parsonage furnished her husband and devote her energies and attention to the rearing of the children, and abandon her professional career and cease all employment, exceeds sound judicial discretion and may not be allowed to stand.

**3. Appeal and Error § 46—**

Where the order appealed from exceeds sound judicial discretion, the order will be set aside and the cause remanded for a hearing *de novo.*

APPEAL by plaintiff from *Latham, S.J.,* April "A" Civil Session 1964 of SCOTLAND.

The plaintiff instituted this action in Scotland County Superior Court on 20 April 1964 for alimony without divorce and maintenance

and support for the four minor children born of the marriage between the plaintiff and the defendant.

The plaintiff and defendant were married on 10 June 1956 and lived together as man and wife until 29 November 1963, at which time, according to the allegations in the complaint, the defendant assaulted the plaintiff and drove her away from home.

The plaintiff alleges that the defendant is employed by the Scotland County Public School System as a teacher, and earns an annual salary of approximately $4,800.00 after all deductions have been made; that the defendant is likewise employed as pastor of the Shiloh Baptist Church, Maxton, North Carolina, and from this profession he has an annual earning of more than $2,000.00; and in addition thereto he is engaged in farming and selling tombstones from which he receives some additional income.

The plaintiff further alleges that she has contributed her time and energies in attempting to establish a home for herself, her husband, and their children; that in addition to her domestic duties, she has used the earnings from her profession as a public school teacher to help support the family, including the defendant. It is also alleged that since the plaintiff was driven from her home on 29 November 1963, she has been forced to obtain lodging for herself and children, which she has done in Laurinburg, North Carolina; that her earnings are insufficient to provide the necessary support and subsistence for herself and said children. It is further alleged that on 9 January 1964, the defendant obtained from his Honor Leo Carr, Judge Presiding over the courts of the Sixteenth Judicial District, a writ of *habeas corpus* for the determination of the custody of the four children of the parties, which writ is still pending in the Superior Court of Scotland County.

At the hearing, the court found that (1) both parties are fit parents to have the custody of the minor children; (2) it is in the best interest of the children that the plaintiff be awarded their custody if she meets the after-mentioned conditions; and (3) the defendant has net annual earnings of approximately $4,300.00."

Based upon the foregoing findings of fact, an order was entered which, in pertinent part, reads as follows:

"FIRST: * * * (T)he motion of the plaintiff for alimony *pendente lite* is denied * * *.

"SECOND: That the care, custody and control of the minor children aforementioned, be awarded to the plaintiff, Wavieline Perry Edwards, upon the following express conditions:

"a. That before 6:00 o'clock p.m. on Saturday, 2 May 1964, the plaintiff and the minor children, who are now residing in the City of Laurinburg in rental quarters * * * shall move into the premises known as the Shiloh Baptist Church Parsonage, located on Saunders Street in the City of Maxton, North Carolina * * * and she and the children shall remain there until this court, upon proper application, permits the plaintiff to change her place of residence * * *.

"b. The plaintiff shall, at the close of the present academic year, cease all outside employment and direct her energies and attention toward rearing the four children of the parties and it is specifically ordered that, should the plaintiff return to outside employment, the custody of said children shall vest, immediately, in the defendant and the responsibility of the defendant for the payments hereinafter ordered shall terminate.

"c. The plaintiff shall permit the defendant to visit in the home with the children at all reasonable hours * * *.

"THIRD: The defendant shall:

"b. Commencing 1 June 1964, pay into the office of the Clerk of the Superior Court of Scotland County, for the sole use and benefit of the minor children of the parties, Palema Loretta Edwards, Ronald Anthony Edwards, Conald Garnell Edwards, and Herbert Darryl Edwards, the sum of $120.00 per month, each and every month until further orders of the court * * *."

The record in the instant appeal does not contain any of the evidence adduced in the hearing below. The record contains only the pleadings, findings, and the order.

From the entry of the foregoing order, the plaintiff appeals, assigning error.

*Bernard A. Harrell, Ellis Nassif for plaintiff appellant.*
*King & Cox for defendant appellee.*

PER CURIAM. The plaintiff contends the court below was without jurisdiction to award custody of the minor children born of the marriage between plaintiff and defendant, since she did not pray for custody in her action for alimony and support for the children. The plaintiff did, however, allege in her complaint that prior to the institution of her action, the defendant did procure a writ of *habeas corpus* to determine the custody of said children, which proceeding was still pending in the Superior Court of Scotland County. Moreover, the plaintiff served notice on the defendant before the hearing below, that Latham, S.J.

would be requested to award custody of the children to her. Therefore, we hold that the court below had the right to hear and determine all questions raised in both proceedings.

According to the record, the plaintiff has had custody of the minor children involved since the plaintiff and defendant separated on 29 November 1963. However, as a prerequisite to the right of plaintiff to retain custody of said children, which custody the court awarded to her, she is required to do these things: (1) live without any financial support from her husband; (2) reside in the Shiloh Baptist Church Parsonage on Saunders Street in the City of Maxton, North Carolina, and devote her energies and attention to the rearing of the four children of the parties; and (3) abandon her professional career as a school teacher and cease all employment and remain at home with her children.

In our opinion, the foregoing order does not comport with sound judicial discretion and it is set aside and the cause remanded for a hearing *de novo. Martin v. Martin,* 263 N.C. 86, 138 S.E. 2d 801.

Error and remanded.