DONNA COLMAN HARPER v. JOSEPH NORMAN HARPER

No. 7010DC428

(Filed 26 August 1970)

1. Divorce and Alimony § 18— subsistence pendente lite — counsel fees

Subsistence and counsel fees *pendente lite* are within the discretion of the court, whose decision thereon is not reviewable except for abuse of discretion or for error of law.

2. Divorce and Alimony § 18— denial of alimony pendente lite — sufficiency of findings

The court properly denied plaintiff wife's motion for an interim award of alimony *pendente lite* and counsel fees in her suit for alimony without divorce, where there were findings that (1) the plaintiff and her husband had separated by mutual agreement, (2) the husband did not abandon the wife, and (3) the husband was guilty of no misconduct that would support an award of alimony. G.S. 50-16.3(a)(1).

APPEAL by plaintiff from *Preston, District Judge,* 13 April 1970 Non-Jury Civil Session of WAKE District Court.

This is an appeal by plaintiff wife from an order denying her motion for an interim award of alimony *pendente lite* and counsel fees entered in her suit for alimony without divorce.

Plaintiff alleged in her complaint that her husband, without provocation, had failed to provide her with necessary subsistence, had offered such indignities to her person as to render her condition intolerable and life burdensome, and had abandoned her. She prayed for an award of alimony, both *pendente lite* and permanent, custody of and support for the minor children, and counsel fees. Defendant husband answered and denied misconduct on his part, alleged facts in recrimination, and counterclaimed for a divorce *a mensa et thoro*.

Plaintiff's motion for alimony *pendente lite* and counsel fees was heard upon the pleadings, affidavits, oral testimony, and other evidence presented by the parties. Following the hearing, the court entered an order finding facts as to the marriage and birth of the children, finding plaintiff to be the dependent spouse in that she had not earned an income except for brief periods during the course of the marriage, finding plaintiff capable of earning a livelihood, and finding defendant capable of and currently earning a substantial income. The court found no abandonment of plaintiff by defendant sufficient to constitute grounds for alimony *pendente lite* in that the separation of the parties was by mutual consent, and found that the competent evidence presented to the court was not adequate to show either misconduct on the part of defendant sufficient to support an order for alimony *pendente lite* or to show misconduct on the part of plaintiff sufficient to support the defense of recrimination. The court found plaintiff to be a fit and proper person to have custody of the minor children and defendant a fit and proper person to have visitation rights.

On these findings the court's order awarded custody of the children to plaintiff, gave defendant visitation rights, awarded plaintiff temporary possession of the home as the place where she and the children should live pending final hearing of this matter, and directed defendant to support the minor children by making monthly mortgage payments on the home, paying utility bills, paying medical and clothing expenses for the children, providing the educational expenses for the daughter, and paying to plaintiff specified monthly payments for the support and maintenance of the children. The court denied plaintiff's motion for alimony *pendente lite* and counsel fees. From that portion of the order denying alimony and counsel fees *pendente lite,* plaintiff appealed.

*Emanuel & Emanuel, by Robert L. Emanuel for plaintiff appellant.*

*Eugene Boyce for defendant appellee.*

PARKER, J.

[1, 2] The sole question presented by this appeal is the correctness of the court's order denying plaintiff's motion for an interim award of alimony and counsel fees *pendente lite.* "Subsistence and counsel fees *pendente lite* are within the discretion of the court. Decision is not reviewable except for abuse of discretion or for error of law." *Griffith v. Griffith,* 265 N.C. 521, 144 S.E. 2d 589. In the case before us we find no abuse of discretion or error of law.

By G.S. 50-16.3(a) a dependent spouse who is a party to an action for divorce, annulment, or alimony without divorce, is entitled to an order for alimony *pendente lite* when:

"(1)  It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony *pendente lite* is made, and

"(2)  It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

In this case the District Judge, as trier of the facts, has found that the parties separated by mutual agreement, there was no abandonment of plaintiff by defendant, and the competent evidence presented to the court failed to show misconduct on the part of defendant sufficient to support an order for alimony. On these findings plaintiff has failed to show at this stage of the proceeding that she is entitled to the relief demanded in her action. Such a showing is one of the statutory prerequisites to an award of alimony *pendente lite.* G.S. 50-16.3(a)(1).

The order appealed from, which is not a final determination and does not affect the final rights of the parties, is

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.