Rickert v. Rickert

GLORIA OVERTON RICKERT v. JAMES BRYANT RICKERT

No. 7228DC25

(Filed 24 May 1972)

1. **Divorce and Alimony § 18— award of counsel fees — alimony pendente lite**

   The husband cannot object on appeal to an award of reasonable counsel fees to the wife where he had stipulated that the wife was entitled to alimony *pendente lite.*

2. **Divorce and Alimony § 18— counsel fees**

   The amount of counsel fees is within the discretion of the court and is subject to review only for abuse.

3. **Divorce and Alimony § 18— counsel fees of $8,500**

   Order requiring defendant husband to pay $8,500 for counsel fees for plaintiff wife's attorneys was supported by evidence in the record of the nature and scope of the legal services rendered, the skill and time required, and other circumstances concerning the financial condition of the parties.

APPEAL by defendant from *Allen, Chief District Judge,* 14 June 1971 Session of District Court held in BUNCOMBE County.

Plaintiff, wife of the defendant, instituted this action in Buncombe County Superior Court on 10 July 1970 seeking custody of their minor child, child support, alimony pendente lite, permanent alimony without divorce, and counsel fees. Defendant's answer prayed that the court dismiss plaintiff's action, award custody of the child to defendant and award defendant a divorce from bed and board. On 27 August 1970 Judge Harry C. Martin entered an order reciting that by agreement of parties and their counsel, it was agreed that plaintiff would possess the home and car and defendant would pay taxes, insurance and country club dues (details of that agreement are omitted). Judge Martin concluded: "That based upon the evidence before the court and the stipulation of the parties, the court finds that the plaintiff and the minor child are entitled to an Order for alimony pendente lite and support and maintenance of said minor child"; and ordered that custody of the minor child be placed in the plaintiff and that the defendant pay $600 per month as alimony pendente lite and $200 per month for support and maintenance of the child. No exception was made to this order and, because this cause was retained and the order

was not a final determination, the court expressly refrained from ruling on the question of counsel fees for plaintiff's attorneys at the time this order was entered. On 25 June 1971 Chief Judge Allen of Buncombe County District Court entered a consent judgment. All controversy between the parties, excluding the issue of counsel fees, had been settled and agreed upon by consent. In that judgment, Chief Judge Allen substantially adopted the agreement of the parties as recited in Judge Martin's order and ordered that the awards of alimony and support and the granting of custody become permanent. Chief Judge Allen in the consent judgment, as Judge Martin had done previously, expressly refrained from ruling on the question of counsel fees for plaintiff's attorneys because the parties were unable to agree on what amount, if any, should be paid by defendant. The consent judgment did provide, however, that the parties had agreed to submit the question of counsel fees to Chief Judge Allen to be determined by him at some later date. The following stipulation, filed on the same day as the consent judgment, is found in the record on appeal:

> "IT IS HEREBY STIPULATED AND AGREED between counsel for plaintiff and counsel for defendant that the court may consider the entire court file in the alimony case between the parties hereto, as having been properly identified and offered into evidence, in making findings of fact and determing whether or not the court will award counsel fees to plaintiff's attorneys, and if so, the amount thereof.

> IT IS FURTHER STIPULATED AND AGREED that the court may proceed to hear the evidence in the case involving absolute divorce between the parties and may sign both the order in regard to counsel fees and the divorce judgment as of this date."

On 26 July 1971 Chief Judge Allen entered a subsequent order in which certain findings of fact were made:

> 1. "That the plaintiff and defendant entered into a consent judgment on the 25th day of June, 1971."

> 2. "That plaintiff's counsel, Earl J. Fowler and Robert S. Swain, have been paid no attorneys' fees by the plaintiff up through and including the date of the final hearing on the above captioned matter."

Rickert v. Rickert

3. "That from the record evidence the income of the plaintiff was $2,253.00 per year."

4. "That from the record evidence, the defendant's 1969 net income was $17,657.84."

5. "That the defendant has stocks and bonds having an approximate value of $677,637.27; and the plaintiff has stocks and bonds in the amount of $141,362.50, the plaintiff's estate being derived principally from the mother of the defendant."

Based upon the above findings of fact, the court made the following conclusion of law:

1. "That the plaintiff is a dependent spouse and that the defendant is the supporting spouse in contemplation of law."

and ordered that defendant pay plaintiff's attorneys $8,500 as counsel fees.

Defendant excepted to certain of these findings of fact and to entry of the order and appeals to this Court.

*Swain and Fowler, by Robert S. Swain, for plaintiff appellee.*

*Bennett, Kelly and Long, by Harold K. Bennett, for defendant appellant.*

MORRIS, Judge.

Defendant excepted to and assigns as error the conclusion of law by Chief Judge Allen that plaintiff is a dependent spouse and defendant is a supporting spouse, the resulting order that defendant pay plaintiff's counsel fees, and the failure of the court to enter findings of fact and conclusions of law to the contrary.

G.S. 50-16.4 provides that "[A]t any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony."

[1]   Noting that by stipulation "the defendant having conceded for the purpose of this hearing that plaintiff was entitled to such an order," Judge Martin on 27 August 1970 ordered that plaintiff was entitled to alimony pendente lite.

> "Stipulations made during a trial constitute judicial admissions. They are binding upon the parties and continue in force for the duration of the trial unless limited in some manner at the time they are made, and thereafter a party may not take an inconsistent position. 7 Strong, N. C. Index 2d, Trial, § 6." *Dale v. Dale,* 8 N.C. App. 96, 97, 173 S.E. 2d 643 (1970).

The defendant, by stipulating that plaintiff was entitled to alimony pendente lite, conceded an ultimate fact which was later put in issue and cannot now object on appeal to the award of reasonable counsel fees. See *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971).

[2, 3]   Appellant in his brief intimates that an effort was made to "blow up the case out of proportion" and certain expenditures were unjustified. The amount of counsel fees is within the discretion of the trial court and is subject to review only for abuse. *Little v. Little,* 9 N.C. App. 361, 176 S.E. 2d 521 (1970); *Harper v. Harper,* 9 N.C. App. 341, 176 S.E. 2d 48 (1970); *Peeler v. Peeler,* 7 N.C. App. 456, 172 S.E. 2d 915 (1970); *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5 (1968). Among the elements to be considered in an allowance of this kind are: ". . . —the nature and worth of the services; the magnitude of the task imposed; reasonable consideration for the defendant's condition and financial circumstances,— . . ." *Stadiem v. Stadiem,* 230 N.C. 318, 321, 52 S.E. 2d 899 (1949); see also *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221 (1967). The parties in this case stipulated that Chief Judge Allen should consider the entire court file in making a determination, but not all the evidence considered by Judge Martin and reconsidered by Chief Judge Allen was brought forward in the record on appeal. In addition to the pleadings, the record does, however, reveal some of the evidence which Chief Judge Allen considered in making his findings, including the will of defendant's grandmother, state and federal income tax returns, and affidavits from plaintiff, defendant and plaintiff's attorneys. Some of the evidence contained therein tends to show that the plaintiff employed two attorneys to represent her during

the latter part of March, 1970, when defendant informed her that he wanted a divorce; that "defendant badgered the plaintiff daily, insisting that she contact her attorneys and work with them and to insist on her attorneys doing anything necessary to bring about a conclusion of the marriage between the plaintiff and defendant"; that defendant denied all the material allegations of plaintiff's complaint; that plaintiff did not have sufficient income to pay her attorneys for representing her nor did she have sufficient income to support herself and the minor child pending trial of this action; that plaintiff was in daily contact with her attorneys from the time they were first employed; that the plaintiff's attorneys expended the sum of $2,500 in fees to private investigators to obtain evidence of adultery; that plaintiff's attorneys were required to make two appearances in Justice of the Peace Court and several appearances in court on the preliminary hearing for alimony pendente lite prior to the time of the actual hearing before Judge Martin; that plaintiff's attorneys made two separate trips to Winston-Salem, each taking a full day, to locate a witness; that plaintiff's attorneys both traveled to Havelock, North Carolina, to interview witnesses they felt were necessary in the event of an actual trial on the merits; that plaintiff's counsel had conferences with their client at least once a week after the date of the preliminary order and had conferences with defendant's counsel from time to time concerning a possible settlement; that each of plaintiff's counsel spent a minimum of 100 hours in time for preparation of the case prior to the preliminary hearing (exclusive of secretarial time, time spent by private investigators and time spent in telephone conferences); and finally that plaintiff had paid no counsel fees to her attorneys as of 28 June 1971 which was subsequent to the date of entry of the consent judgment. Suffice it to say that the evidence contained in the record of the nature and scope of the legal services rendered, the skill and time required, and the other circumstances concerning financial condition not recited by this opinion was sufficient, if believed, to support the award made. Nor could we say that the record reveals any abuse of discretion.

The cases of *Austin v. Austin*, 12 N.C. App. 390, 183 S.E. 2d 428 (1971), and *Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971), are distinguishable. Contrary to those cases, this record is replete with evidence as to the nature and

scope of the legal services rendered, the magnitude of the task imposed, the time required, and the skill and ability called for. The trial court concluded that the fee awarded constituted "adequate fees for representing the plaintiff." It is always better practice for the court to find specifically that the fee awarded is reasonable. Nevertheless, under the circumstances of this case, we are of the opinion that the judgment meets the minimal requirements.

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.