J. D. LITTLE, JR. v. JACQUELINE M. LITTLE

No. 7326DC32

(Filed 23 May 1973)

Divorce and Alimony § 18— alimony without divorce — findings as to dependent spouse — sufficiency

Evidence supported the trial court's finding that defendant was a dependent spouse where such evidence tended to show that plaintiff had one child by a previous marriage and defendant had three children by a previous marriage, that plaintiff was paying alimony and child support to his ex-wife in an amount very nearly equal to his income, that both plaintiff and defendant incurred obligations during their marriage greatly in excess of their income and that both plaintiff and defendant were employed and earned approximately the same wages.

APPEAL by plaintiff from *Belk, Judge,* 14 August 1972 Civil Nonjury Session of MECKLENBURG County District Court.

Plaintiff filed an action for divorce from bed and board on 21 June 1972, and left the home on 22 June 1972, taking his belongings. Defendant replied with a cross action alleging abandonment by the plaintiff, and seeking alimony without divorce, alimony pendente lite, and counsel fees. A hearing was held on 16 August 1972 on the alimony pendente lite application, at which hearing evidence was presented by affidavit and interrogatories of the parties.

The trial court found that the defendant-wife was a dependent spouse entitled to alimony pendente lite and counsel fees, and ordered the plaintiff-husband to pay her $140.00 per month alimony pendente lite, $300.00 counsel fees, and to pay indebtedness totaling $430.88.

*James, Williams, McElroy & Diehl, P.A., by William K. Diehl, Jr., for plaintiff appellant.*

*Cecil M. Curtis for defendant appellee.*

CAMPBELL, Judge.

The evidence in this case reveals a man who had been married before and had one child by his previous marriage and was under a court order to provide alimony and support for his former wife and child. The amount is nearly equal to the man's current income, and he is in arrears in excess of $8,000. The woman likewise had been previously married and had three children by that marriage and was receiving support for her children from her former husband in the amount of $50 a month, which was inadequate for their support.

Both the man and the woman are employed. At the time of the marriage in 1970, the man had an income in excess of $18,000 a year, but this sum was drastically reduced in 1971 due to the man going into a new business enterprise. The woman had an income at the time of the marriage and since of approximately the same amount as the man made after the drastic reduction in his income. During their marriage both parties incurred obligations greatly in excess of their income.

The trial court, on adequate and sufficient evidence, found "[t]hat the plaintiff left home on June 22, 1972, without the defendant's consent or permission and has since that time separated himself from the defendant and has failed and refused to offer or support the defendant since that date; that the separation was willful and without just cause and due to no provocation on the part of the defendant."

In order for a spouse to be entitled to alimony, alimony pendente lite, or counsel fees, that spouse must be a dependent spouse. *Sprinkle v. Sprinkle*, 17 N.C. App. 175, 193 S.E. 2d 468 (1972).

To find that one is a dependent spouse the trial court must make findings of fact sufficient to show (1) that a marital relationship between the parties exists; (2) either (a) that the spouse is actually substantially dependent upon the other spouse for his or her maintenance and support, or (b) that the spouse is substantially in need of maintenance and support from the other spouse, G.S. 50-16.1(3); and (3) that the supporting spouse is capable of making the payments required, G.S. 50-16.1 (4) and G.S. 50-16.5(a).

Only a dependent spouse may be entitled to alimony pendente lite, and then only after complying with the requirements

of G.S. 50-16.3 (a). That section requires the dependent spouse who makes application for alimony pendente lite to present evidence showing (1) that it appears that he or she is entitled to the relief demanded in the action in which the application for alimony pendente lite is made; *and* (2) that it appears that he or she has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof.

Further, no spouse is entitled to an award of counsel fees unless he or she is (1) a dependent spouse, (2) who is entitled to alimony pendente lite. G.S. 50-16.4.

The trial court found facts conforming to every requirement of the foregoing statutes.

While the evidence is subject to different interpretations, nevertheless, the interpretation of the evidence is a prerogative of the trial court; and if that evidence is sufficient to support the findings of fact, then those findings are binding upon the appellate court. In the instant case we cannot say that the evidence does not support the findings made by the trial judge.

Affirmed.

Judges BRITT and MORRIS concur.