TOMMY LEE THERRELL v. ROZA LEE THERRELL

No. 7326DC322

(Filed 12 September 1973)

1. **Divorce and Alimony § 16— action for divorce from bed and board — cross-action for alimony without divorce**

    Although defendant wife did not indicate precisely what "cross-action" she intended to bring in plaintiff husband's suit for divorce from bed and board, it was probable from the allegations in the pleadings that she intended to commence a cross-action for alimony without divorce as permitted by G.S. 50-16.8(b)(3).

2. **Divorce and Alimony § 18— alimony pendente lite to dependent spouse — requisites for award**

    In order to be entitled to payment of alimony *pendente lite*, a dependent spouse must present evidence tending to show (1) that she is entitled to the relief demanded in the action in which the application for alimony *pendente lite* is made and (2) that she has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof. G.S. 50-16.3(a).

3. **Divorce and Alimony § 18— maintenance of cats and dogs — provocation for abandonment of dependent spouse — award of alimony pendente lite erroneous**

    At a hearing to determine defendant's right to alimony *pendente lite* where the evidence tended to show that defendant maintained a large number of dogs and cats who were allowed to roam at will in the parties' home and the presence of the animals constituted a nuisance to plaintiff, the trial court erred in ruling as a matter of law that plaintiff's withdrawal from the marriage was unjustified and in awarding defendant alimony *pendente lite* and counsel fees.

APPEAL by plaintiff from *Stukes, Judge,* 7 August 1972 Session of District Court held in MECKLENBURG County.

Plaintiff husband complained of the defendant wife alleging facts tending to show that the plaintiff was forced to withdraw from the marital relationship because of acts on the part of the defendant which rendered it impossible for the plaintiff to continue the marital relationship with health and self-respect, and seeking a divorce from bed and board and custody of the two adopted children of the marriage. Defendant answered, denying the material allegations of the complaint, and alleging that the plaintiff abandoned the defendant, that the plaintiff was the supporting spouse and the defendant a dependent spouse within the meaning of G.S. 50-16.1, and the defendant prayed that she be given custody of the adopted children of the marriage, child support, alimony, and attorney fees.

Therrell v. Therrell

At a hearing to determine defendant's right to alimony pendente lite, the evidence tended to show the following: At the time of their marriage in January 1961, the plaintiff was 18 years of age and the defendant 32 years of age. Defendant had custody of two children of a prior marriage. During their marriage, plaintiff and defendant adopted two young boys in South Carolina, who, at the time of the hearing, were aged six and seven. During the course of their marriage, the parties lived first in South Carolina, and at the time of the hearing, the parties resided in a house in Charlotte, North Carolina, jointly owned and valued at some $55,000. Plaintiff and defendant each owned fifty per cent of the stock of a corporation which employed plaintiff at a salary of $190 a week, after taxes and other deductions, to conduct the corporate "drywall" business. Defendant was an officer in the corporation and drew a weekly salary of $80. In 1971, the corporation showed a net profit of $31,000 which, as of the time of the hearing, remained undistributed. Defendant was in the business of buying and selling dogs and cats for profit, but the amount of earnings from that business was not disclosed at the hearing and was not reported on defendant's income tax returns. Plaintiff testified that he also received income of $130 a month from a mortgage on a mobile home sold by plaintiff, and $200 a month from the jointly owned corporation for the rental value of space used in the parties' home in Charlotte for the corporation's business. The corporation owned the Buick automobile that the plaintiff operated and the Lincoln automobile that the defendant operated.

Defendant testified that monthly expenses for her and her children amounted to some $1200.

The parties also testified extensively concerning the defendant's use of the home of the parties as a large dog kennel and the number of dogs running about the house, and concerning certain alleged acts of moral misconduct on the part of both the plaintiff and the defendant. The plaintiff testified at the hearing that he withdrew from the marital relationship on 12 February 1972 as a result of the defendant's abusive attitude toward plaintiff, and because of the number of dogs and cats allowed by the defendant to roam at will in the parties' home, resulting in an offensive odor pervading the house and animal droppings throughout the house.

After hearing the evidence, the trial judge entered an order commanding the plaintiff to pay to the defendant $600 a month

---

Therrell v. Therrell

---

"for the support and maintenance of his wife" and ordered that possession of the jointly owned house be delivered to the defendant along with the furnishings therein, that the plaintiff pay the house mortgage payment, all taxes and repair costs, that the plaintiff maintain in effect health insurance for the benefit of the defendant and two children, and that plaintiff provide defendant with an insured automobile for transportation. The order also provided that custody of the two children be awarded to the defendant and that plaintiff pay child support in the amount of $180 a month, and that plaintiff pay attorney fees in the alimony pendente lite matter in the amount of $800 and in the custody action in the amount of $400.

From the order entered, the plaintiff appealed, assigning error.

*Harkey, Faggart, Coira and Fletcher, by Charles F. Coira, Jr., for plaintiff appellant.*

*E. Clayton Selvey, Jr., for defendant appellee.*

MORRIS, Judge.

[1] The initial problem we must deal with is to determine what relief the defendant wife is seeking. It appears that defendant intended to commence a cross-action for alimony without divorce in plaintiff's suit for divorce from bed and board, as is permitted by G.S. 50-16.8(b) (3), although no specific language to that effect was used by the defendant in her pleadings or otherwise.

In the defendant's answer to the complaint, under the caption "A FURTHER DEFENSE AND ANSWER AND CROSS ACTION," appear allegations to the effect that the plaintiff abandoned the defendant, that the plaintiff was the supporting spouse and the defendant a dependent spouse within the meaning of G.S. 50-16.1.

Defendant's prayer for relief in her answer reads, in pertinent part, as follows:

"WHEREFORE, having fully answered the complaint of the plaintiff *and having alleged a cause of action under the provisions of North Carolina General Statutes 50-16.1,* the defendant prays the court:

1. That the action brought by the plaintiff herein be dismissed.

•  .  •

3. That she be awarded alimony for the adequate support and maintenance for herself pendente lite *and upon trial of this action* and attorney's fees pendente lite and upon trial of this action.

•    •    •

5. That she be awarded exclusive possession and use for herself and the minor children of the marriage of·the home previously occupied by the plaintiff and defendant, together with all furniture and furnishings contained therein.

•    •    •

7. That she have and receive such other and further relief as to the court may seem just and proper." (Emphasis added.)

Although the defendant wife has not clearly indicated precisely what "cross-action" she intended to bring, we think it is probable from the allegations in the pleadings that the defendant intended to commence a cross-action for alimony without divorce. See *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909 (1946).

It follows, therefore, that the order appealed from in this case was an award of alimony pendente lite in the defendant's action for alimony without divorce. We proceed to the merits of this appeal on that basis.

[2]  In order to be entitled to payment of alimony pendente lite, a dependent spouse must present evidence tending to show (1) that she is entitled to the relief demanded in the action in which the application for alimony pendente lite is made, and (2) that she has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof. *Little v. Little,* 18 N.C. App. 311, 196 S.E. 2d 562 (1973) ; G.S. 50-16.3(a).

[3]  Under the facts of the case at bar, in order to prove her entitlement to alimony pendente lite, the defendant was required to show that the plaintiff had abandoned the defendant without justification. In the order awarding alimony pendente lite, finding of fact No. 3 reads as follows:

"3. That the plaintiff left the family household ·and home occupied by the parties on February 12, 1972, with the in-

Therrell v. Therrell

tent not to resume the marital relationship and without the consent of the defendant; the court further finds as a fact that the defendant maintains a number of dogs and cats which constitute a nuisance to the plaintiff and over which the parties have been unable to resolve their differences concerning the occupancy of the house but that such conduct does not constitute adequate provocation on the part of the defendant for the subsequent abandonment of the defendant by the plaintiff and that the plaintiff has wilfully abandoned the defendant without legal justification."

The issue raised by finding of fact No. 3, therefore, is whether the large number of dogs and cats roaming about the parties' house, over the objection of the plaintiff, constituting, in the words of Judge Stukes, "a nuisance to the plaintiff," was proper justification for the withdrawal of the plaintiff from the marital relation. If the answer to that issue is "yes," then the award of alimony pendente lite was error. For this reason, in order to warrant the allowance of alimony pendente lite, the court must look to the merits of the action to determine if the petitioning party in law has made out a case entitling her to the relief demanded. *Garner v. Garner,* 270 N.C. 293, 154 S.E. 2d 46 (1967) ; *Harper v. Harper,* 9 N.C. App. 341, 176 S.E. 2d 48 (1970) ; G.S. 50-16.3.

In *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923 (1953), the Court stated:

"This Court, in applying the provisions of G.S. 50-7(1), has never undertaken to formulate any all-embracing definition or rule of general application respecting what conduct on the part of one spouse will justify the other in withdrawing from the marital relation, and each case must be determined in large measure upon its own particular circumstances. Ordinarily, however, the withdrawing spouse is not justified in leaving the other unless the conduct of the latter is such as would likely render it impossible for the withdrawing spouse to continue the marital relation with safety, health, and self-respect, and constitute ground in itself for divorce at least from bed and board." See also *Panhorst v. Panhorst,* 277 N.C. 664, 178 S.E. 2d 387 (1971) ; 27A C.J.S., Divorce, § 56(4), p. 185-86; 24 Am. Jur. 2d, Divorce and Separation, § 115; Annot., 19 A.L.R. 2d 1428 (1951).

---

Therrell v. Therrell

---

We are of the opinion that the trial judge was in error in ruling as a matter of law that the maintenance of numbers of dogs and cats, constituting a nuisance to the plaintiff, was not "adequate provocation on the part of the defendant for the subsequent abandonment of the defendant by the plaintiff . . ."

The evidence taken at the hearing reveals that one of the parties' adopted children was allergic to the animals, and that the child's doctor had recommended that the animals be removed from the parties' home. The plaintiff's testimony tended to show that animal excretions, hair, and cages were to be found throughout the house, leaving a permanent odor, and that the number of dogs in the home varied from month to month. At times there were 75 dogs in the parties' home. The defendant's evidence, while contradictory of the plaintiff's evidence, tended to show that the defendant did keep dogs for breeding purposes in the basement of the home and that the largest number of dogs the defendant maintained at one time was 28 and the largest number of cats maintained at one time was six. In any event there was ample evidence to support the trial court's finding that the number of animals kept in the home was such as to constitute "a nuisance to the plaintiff."

In *Winnan v. Winnan*, 1949 Prob. 174 (1948) 2 All Eng. 862 (Court of Appeal 1948), the British Court held that the husband's withdrawal from the parties' home because of the refusal of the wife to remove a large number of pet cats which the wife permitted to roam over the house was justified, and that the wife's acts constituted a "constructive desertion" from the marital relation.

We hold that the trial judge erred in ruling that the plaintiff's withdrawal from the marriage was unjustified; therefore, it was error for the court to award defendant alimony pendente lite and counsel fees.

In regard to the award of custody of the children of the marriage to the defendant, child support, and counsel fees pertaining to that matter, we perceive no abuse of discretion and affirm those portions of the order, including that portion of the order which grants the defendant and the children possession of the parties' home and furniture for the benefit of the children.

Reversed in part; affirmed in part.

Chief Judge BROCK and Judge PARKER concur.