ANGELUS CHAMBERS RICKENBAKER v. THOMAS C. RICKENBAKER

No. 7426DC239

(Filed 17 April 1974)

1. **Appeal and Error § 41— record on appeal — chronological order required**

Rule 19 of the Rules of Practice in the N. C. Court of Appeals expressly provides that on appeal the proceedings of the trial court and all documents be set forth in the record in the order of time in which they occurred.

2. **Divorce and Alimony §§ 18, 23— award of alimony and child support — factors to consider**

Trial court erred in awarding alimony and child support based upon the income of defendant husband without also considering the property, earnings, earning capacity, condition, and accustomed standard of living of both parties.

3. **Divorce and Alimony § 18— alimony and child support — award of attorney fees error**

Trial court in an alimony and child support case erred in awarding attorney's fees in the absence of evidence and findings of fact as to reasonable attorney's fees.

APPEAL by defendant from *Robinson, District Judge,* at the 4 September 1973 Session of MECKLENBURG District Court.

Heard in the Court of Appeals 14 March 1974.

This is a civil action, instituted by the plaintiff, Angelus Chambers Rickenbaker for permanent alimony, alimony pendente lite, custody of the minor children of the marriage, child support, possession of the home, possession of an automobile, attorney's fees, and a temporary restraining order restraining the defendant from disposing of a condominium located at

Rickenbaker v. Rickenbaker

Wrightsville Beach, North Carolina. After a hearing on the matter, the trial court entered an order entitled "Judgment" awarding the plaintiff Eight Hundred Dollars ($800.00) per month in alimony pendente lite, and Fourteen Hundred Dollars ($1,400.00) per month child support, Seven Hundred Dollars ($700.00) per month for each minor child. The children at the time were three and five years old respectively. The order denominated "Judgment" also awarded plaintiff custody of the children, possession of the family home, possession of a Pontiac automobile, and attorney's fees of Thirty-Five Hundred Dollars ($3,500.00). The trial court also restrained defendant from disposing of the condominium at Wrightsville Beach, North Carolina. From said order, the defendant appealed.

*DeLaney, Millette & DeArmon by Ernest S. DeLaney, Jr., for plaintiff appellee.*

*Warren C. Stack for defendant appellant.*

CAMPBELL, Judge.

[1]   Once again this Court is forced to point out that Rule 19 of the Rules of Practice in the North Carolina Court of Appeals expressly provides that on appeal the proceedings of the trial court and all documents be set forth in the record in the order of the time in which they occurred. The record in this case did not do this and is incorrect. However, we have decided to reach the merits.

The defendant contends that there was insufficient evidence to support the award. The trial court made findings of fact as to the defendant's income in 1971 being $103,327.79, with an after-tax disposable income of $64,000.00. In the year 1972 defendant had an adjusted gross income of $118,644.93 and an after-tax disposable income of $71,000.00. During the year 1973, through August, defendant had a gross income of $54,084.61. In other findings of fact the trial court stated:

> "22. The plaintiff and the minor children are residing at the home on Twiford Place, Charlotte, North Carolina, where the parties own a home as tenants by the entirety.
>
> 23. The plaintiff is entitled to have the aforesaid home sequestered for the use of her and the minor children of the marriage.

\* \* \* \*

Rickenbaker v. Rickenbaker

25. The defendant will be able to provide amply for the maintenance and support of the plaintiff and the minor children pending the trial of this matter.

\*    \*    \*    \*

27. There has been no testimony concerning the financial needs of the defendant.

28. The plaintiff has testified to financial needs over Three Thousand Dollars ($3,000.00) per month, but that some of the items she has testified to should not be covered under an awarded temporary alimony, to wit: replacement of furniture, contribution to church and charity, repairs to the house and yard, repairs of appliances, replacement of appliances, and a substantial portion of vacations and camps for the children.

29. The defendant has been primarily been [sic] in charge of paying bills for the household and he testified that from January 1, 1973, to the date of this trial that he had paid an average of Fourteen Hundred Twenty-five Dollars ($1425.00) per month during this period of time.

30. That a reasonable subsistence for the plaintiff and the minor children would be Twenty-two Hundred Dollars ($2200.00) per month, allocated as Fourteen Hundred Dollars ($1400.00) child support and Eight Hundred Dollars ($800.00) for alimony. From this the plaintiff is to pay the home mortgage.

31. The plaintiff is presently driving a Pontiac automobile owned by the defendant and the plaintiff needs the same for herself and the two minor children and the plaintiff should be given possession and use of the aforesaid automobile."

Among the conclusions of law found by the trial court were:

"1. That the plaintiff is the dependent spouse and the defendant is the supporting spouse.

2. That the defendant is able to pay the amount of alimony and child support herein ordered pendente lite and attorney's fees.

3. That the home of the parties on Twiford Place and the Pontiac automobile presently used by the plaintiff should

be sequestered for the use of the plaintiff and the minor children of the marriage."

**[2]** Plaintiff contends that the award of alimony and child support is within the sound discretion of the trial judge and should not be disturbed except for abuse of discretion or error of law. *Harper v. Harper,* 9 N.C. App. 341, 176 S.E. 2d 48 (1970) ; *Swink v. Swink,* 6 N.C. App. 161, 169 S.E. 2d 539 (1969). However, the facts required by the statutes must be alleged and proved to support an order for subsistence pendente lite. *Rickert v. Rickert,* 282 N.C. 373, 193 S.E. 2d 79 (1972). In the case at bar it is clear that the trial court did not consider the needs of the wife and children and based his award upon the income of the husband. A mere finding of the husband's ability to pay is insufficient. *Dawson v. Dawson,* 211 N.C. 453, 190 S.E. 749 (1937) ; *Martin v. Martin,* 263 N.C. 86, 138 S.E. 2d 801 (1964). The only evidence of the needs of the plaintiff and children came from defendant and was significantly less than the amount awarded. The trial court should have considered the property, earnings, earning capacity, condition, and accustomed standard of living of both parties in determining the amount of alimony and child support to be awarded. G.S. 50-16.5 (a) ; *Sayland v. Sayland,* 267 N.C. 378, 148 S.E. 2d 218 (1966) ; *Sprinkle v. Sprinkle,* 17 N.C. App. 175, 193 S.E. 2d 468 (1972). The facts required by the statutes have not been proved and the order must be vacated and remanded for further proceedings in accordance with this opinion. We note also that the automobile was awarded the plaintiff without any evidence that plaintiff needed the automobile.

**[3]** As to attorney's fees, the trial court made the following unsupported finding of fact.

> "33. The plaintiff has been represented by counsel in this matter from January 1973 until the date of this trial and that counsel has performed valuable, legal services for the plaintiff. The hearing in this matter consumed the better part of two (2) days of court and that the plaintiff's attorney has conferred on several occasions and exchanged correspondence with the defendant and had counseled the plaintiff. The matter involved was complex and that an attorney's fee in the amount of Thirty-five Hundred Dollars ($3500.00) for services to date are reasonable."

The order awarding $3500.00 in attorney's fees was entered 7 September 1973, whereupon the defendant appealed. On 21 Sep-

tember 1973 plaintiff's attorney filed an affidavit with the trial court estimating he had spent 60 hours working on the case. At the time of the entry of the order, there was no evidence before the trial court as to the nature and scope of the legal services rendered and the skill and time required. The lack of any evidence and findings of fact as to reasonable attorney's fees and the absence of any evidence as to the reasonable worth of attorney's fees requires that the award be vacated and remanded for further proceedings in accordance with this opinion.

Error and remanded.

Judges HEDRICK and BALEY concur.