## CIRCUIT COURT OF THE CITY OF RICHMOND

Virginia B. Tulloch

v.

Zelma Adamson
and Velma Williams

January 19, 1989

Case No. LL-2628-3

By JUDGE T. J. MARKOW

The court, after hearing oral argument on defendants' motion to dismiss, requested counsel for both parties to submit briefs on the issues raised by defendants' motion.

The plaintiff is a Florida resident who was involved in an accident on Interstate 95 while driving through Virginia from Florida to a destination farther north. The defendants had liability coverage, but they claim that plaintiff's vehicular policy, which was issued by Allstate Insurance Company in Florida, provides underinsurance coverage. The defendants' insurance company, Horace Mann Insurance, has offered its policy limits of $25,000 under its liability coverage.

The primary issue in this case is whether § 38.2-2206 of the Code of Virginia, 1950, as amended (a part of Virginia's Uninsured Motorist Act), applies to subject Allstate to suit when the policy was issued in Florida but the vehicle was used in the Commonwealth.

Allstate is not named as a party defendant and is before the court only if it is properly served under Section 38.2-2206(F) of the Code. Virginia's uninsured motorist statutes permits an insured to give his insurer notice of an action which might result in payment under the policy.

The insurer may then participate in the suit, although it is not strictly a party to the suit.

The issue then is whether § 38.2-2206(F) provides that a plaintiff intending to rely on the underinsured motorist coverage of "this policy" shall be able to serve the insurer a copy of the process and bring it before the Virginia court. The reference to "this policy" refers to the policy described in the remainder of § 38.2-2206. Section 38.2-2206(A) provides:

> Except as provided in subsection J of this section, no policy or contract or bodily injury or property damage liability insurance relating to the ownership maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle principally garaged or used in this Commonwealth unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits not less than the requirements of § 46.1-1(8). Those limits shall equal but not exceed the limits of the liability insurance provided by the policy, unless the insured rejects the additional uninsured motorist insurance coverage by notifying the insurer as provided in subsection B of Section 38.2-2202. Where the insured contracts for higher limits, the endorsement or provisions for those limits shall obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle to the extent the vehicle is underinsured, as defined in subsection B of this section. The endorsement or provisions shall also provide for at least $10,000 coverage for damage or destruction of the property of the insured in any one accident but may provide an exclusion of the first $200 of the loss or damage where the loss or damage is a result of any one accident

involving an unidentifiable owner or operator of an uninsured motor vehicle.

The meaning of the statute is not ambiguous. Insurers are not permitted to issue in, or deliver to persons in, the Commonwealth, policies not in compliance with Section 38.2-2206. One cannot simply stop with the "garaged or used in" language. The policy issued the plaintiff here was not issued or delivered in Virginia. The "garaged or used in" language is irrelevant. Service on Allstate under § 38.2-2206(F) then is invalid. It cannot be brought before the Virginia courts under § 38.2-2206(F).

Plaintiff next argues that she has complied with the provisions of the policy, and Florida law permits direct action against the insurer when it has not responded to the notice of the defendant's insurer's offer to settle.

While the evidence seems to establish that plaintiff has met the conditions of her Florida policy for direct action against Allstate, her policy and Florida statute provide that suit join the underinsured carrier (Allstate) as a party. This plaintiff has not done. This is not a procedural or remedial provision which under conflicts of laws principles would require the application of Virginia law, but even if it were, Virginia has no law permitting Allstate to be brought into an action between the tortfeasor and the injured party, except § 38.2-2206(F), which is inapplicable here. *See Willard v. Aetna*, 213 Va. 481, 198 S.E.2d 776 (1973). Plaintiff must comply with the policy and Florida law by naming Allstate a party and stating a cause of action under Florida law; otherwise, she cannot proceed against it in this action.

A copy of an order quashing service on Allstate entered this day is enclosed.