MIRIAM LOWE, Respondent-Appellant, *v.* EDWIN S. LOWE, Appellant-Respondent.

First Department, October 31, 1967.

*Irving I. Erdheim* of counsel (*Leonard C. Shalleck* and *Robert Tlumak* with him on the brief; *Erdheim & Armstrong & Shalleck*, attorneys), for appellant-respondent.

*Roy M. Cohn* of counsel (*Robert S. Cohen* with him on the brief; *Saxe, Bacon & Bolan*, attorneys), for respondent-appellant.

TILZER, J. Defendant appeals from a judgment of the Supreme Court in favor of the plaintiff entered May 18, 1967 in New York County, upon a decision of the court at a Special and Trial Term, without a jury, decreeing that the plaintiff be separated from the defendant and that defendant pay for support and maintenance the sum of $600 per week commencing September 26, 1966 and a counsel fee of $8,000. Plaintiff cross-appeals from that part of the judgment which denied her $1,100 per week in permanent alimony and awarded her only $8,000 as counsel fees, and which failed to make plaintiff's support retroactive to the commencement of the action.

We all approve of the conclusion of the trial court that the plaintiff is entitled to a judgment of separation. We differ as to the amount of alimony and its effective date and as to the sum awarded for counsel fees. It is our view that the record fully supports the trial court's findings "That the defendant is a man of substantial wealth and income having an estate in excess of 3 million dollars and a net taxable income in excess of $100,000.00 per year, and is capable of paying alimony in the amount of $600.00 per week" and "The alimony is fully taxable to the plaintiff and fully tax deductible to the defendant." The alimony awarded in the circumstances effected justice between the parties, the trial court balancing the defendant's substantial wealth against the plaintiff's $119,000 in cash and securities (held by her in July, 1966 when the action was initiated and necessarily reduced pending the trial), the plaintiff's age, the fact that the parties were first married in 1953, were divorced in 1959 and remarried in 1960, and the parties' standard of living. The counsel fees allowed, too, cannot be said to be excessive, in the light of the standing of counsel, the complexity of the matter, the effort required, the number of hours expended and the result achieved.

Considering the chronology of the action as well as the conduct of the defendant, the retroactivity of the alimony award, not to

the date of the commencement of the action, but to the date of the granting of a trial preference, was not an abuse of discretion. The determination or modification of temporary alimony, in unusual circumstances, may be postponed until the trial. In *Barnes* v. *Barnes* (3 A D 2d 242) it was held that there was no occasion to provide that the award of temporary alimony be subject to a retroactive increase by the trial court. An award of *permanent alimony,* in the discretion of the court, may be payable *nunc pro tunc* as of the time of the commencement of the action.

The judgment appealed from should be affirmed, without costs or disbursements to either party.

McNALLY, J. (dissenting). The alimony should be reduced from $600 to $400 a week, and counsel fee reduced from $8,000 to $4,000, the wife having paid her attorneys $5,000.

The parties entered into a separation agreement March 27, 1959, effective September 2, 1958, providing for weekly support of $175 and for a three-year period and $150 weekly for an additional period of three years ending August 26, 1964. Although there has been a change in living quarters since that time, the award is disproportionate thereto. In addition, plaintiff's assets have increased substantially since 1960. She has assets of about $291,000 and an income of approximately $6,000 a year from securities, a good portion of which had been given to her by defendant.

The retroactive award of alimony is improper. The application for temporary alimony was unconditionally denied on August 5, 1966. Counsel fee was denied at the same time, with leave, however, to renew the application therefor before the trial court. There was no appeal from the denial of temporary alimony. We have heretofore held that an award of temporary alimony should not be made subject to retroactive increase after trial. (*Barnes* v. *Barnes,* 3 A D 2d 242.) Here the order denying temporary alimony did not refer the quantum thereof to the trial court; the denial was final. In addition, the basis for the denial of temporary alimony was the plaintiff's failure to establish the financial need therefor, and this record does not establish otherwise.

STEVENS, J. P., and CAPOZZOLI, J., concur with TILZER, J.; McNALLY, J., dissents in opinion, in which EAGER, J., concurs.

Judgment affirmed, without costs or disbursements to either party.