---
Austin v. Austin
---

---

RAMELLE F. AUSTIN v. RAY I. AUSTIN

No. 7120DC549

(Filed 15 September 1971)

1. **Divorce and Alimony § 18— alimony pendente lite from time of abandonment**

   The trial court did not err in awarding the wife subsistence *pendente lite* of $500 per month from the time her husband wrongfully abandoned her, not just from the time she instituted her action for alimony without divorce, and in requiring the husband to pay the wife a lump sum of $2,700 as accrued living expenses.

2. **Divorce and Alimony § 18— counsel fees pendente lite — absence of evidence and findings as to reasonable worth**

   The trial court abused its discretion in ordering defendant husband to pay $3,000 as counsel fees *pendente lite* for plaintiff wife where no evidence was presented as to reasonable attorney's fees and the court made no findings based upon such evidence as to the reasonable worth of attorney's fees.

Austin v. Austin

APPEAL by defendant-husband from *Crutchfield, District Judge,* 10 May 1971 Session, STANLY County District Court Division of the General Court of Justice.

The plaintiff, (wife) instituted this action for separate support and maintenance, alimony *pendente lite,* and attorney's fees for that the defendant, (husband) had wrongfully and unlawfully abandoned her.

The action was heard on 30 April 1971 upon the wife's motion for alimony *pendente lite* and counsel fees. The evidence consisted of the pleadings and numerous affidavits.

Among other things the trial judge found that the parties were married 31 March 1934; had two children, a son now 24 years of age and a daughter now 20 years of age; that the husband is a man of means and possesses considerable property worth approximately $400,000.00 of which approximately $50,000.00 was in cash; on 17 May 1970 husband, without just cause or provocation, removed himself from the home and has failed and refused to live with his wife and "has willfully failed and refused to support plaintiff according to his means and conditions and ability"; wife is a woman of excellent character and reputation and has been a good, faithful and dutiful wife; wife is unemployed and has no income and her only assets consist of her interest as a tenant by the entirety with the defendant in certain tracts of real estate together with a one-half undivided interest in a 7½-acre tract of land in Albemarle, North Carolina; that wife is without sufficient means to provide for her necessary subsistence pending the trial and to provide counsel fees; that $500.00 a month is necessary for wife to subsist pending the trial and since husband left the home on 17 May 1970, he has provided the wife for subsistence with the sum of $2,800.00.

Based upon these findings of fact the trial judge concluded that husband has abandoned the plaintiff-wife; has offered indignities to her person so as to render her condition intolerable and life burdensome; has willfully failed to provide wife with necessary subsistence according to his means and conditions in life so as to render wife's condition intolerable and life burdensome; that wife does not have sufficient means to subsist during the prosecution of this action and to defray the expenses thereof. The trial judge thereupon ordered the

husband to pay the wife $500.00 per month for support and subsistence, said payment to commence as of 20 May 1971, and payments to be made on or before the 20th day of each month thereafter. The judge further ordered that $2,700.00 be paid at once for the period of 1 June 1970 to 1 May 1971, over and above the $2,800.00 paid heretofore; that the wife have possession of the home with the upkeep thereof being charged to the husband; that husband pay plaintiff's attorney $3,000.00 as attorney's fees *pendente lite.*

From this order defendant-husband appealed.

*Patterson & Doby by Henry C. Doby, Jr., for plaintiff appellee.*

*Coble, Morton and Grigg by Ernest H. Morton, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1]   The husband-appellant presents two questions. The first assignment of error is whether the trial court committed error in ordering the husband to pay the wife the sum of $2,700.00 as living expenses accruing from June 1, 1970 until May 1, 1971.

The trial judge found that the wife was entitled to support in the amount of $500.00 a month and then calculated the period of time since the husband wrongfully separated himself from his wife and gave the husband credit for the payments which had been made during this period of separation upon the calculated amount based on $500.00 a month.

G.S. 50-16.3 (b) provides:

> "The determination of the amount and the payment of alimony *pendente lite* shall be in the same manner as alimony, except that the same shall be limited to the pendancy of the suit in which the application is made."

G.S. 50-16.1 (1) provides for payment of alimony "either in lump sum or on a continuing basis."

Under the statutory authority vested in the trial judge he could award a lump payment or monthly payments. The amount of the allowance for subsistence is a matter for the trial judge. The exercise of his discretion in this respect is not reviewable except in case of an abuse of discretion. The fact

Austin v. Austin

that the trial judge used a combination of both a lump sum payment and a continuing monthly payment would not constitute an abuse of discretion. *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443 (1960).

The evidence adduced in the hearing before Judge Crutchfield supported the crucial findings of fact made by him, and those findings of fact adequately support the allowance ordered paid plaintiff-wife. We think she was entitled to subsistence in keeping with defendant-husband's means and ability and standard of living, not only from the time she instituted her action, but from the time her husband wrongfully separated himself from her. No abuse of discretion by Judge Crutchfield has been shown. This assignment of error is overruled.

[2] The second assignment of error brought forward by the defendant-husband is that the trial judge abused his discretion in ordering the defendant-husband to pay the sum of $3,000.00 as counsel fees *pendente lite* for the plaintiff-wife.

G.S. 50-16.4 provides that any time a dependent-spouse would be entitled to alimony *pendente lite* "the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse." It is to be noted that the statute uses the word "reasonable."

The record in this case is entirely lacking as to any evidence as to the nature and worth of any legal services rendered, the magnitude of the task imposed, the time required, and the skill and ability called for. In fact, the only reference in the record to counsel fees is the statement contained in the complaint to the effect that the services of the attorneys for plaintiff *pendente lite* "are reasonably worth $4,500.00." It is therefore not surprising that the trial judge made no findings whatsoever as to the reasonable value of the services rendered by the wife's attorneys. Compare the lack of evidence and absence of any findings by the trial judge as to the reasonable worth of the attorney's fees in this case with the evidence and findings of the trial judge in the case of *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221 (1967). See also *Stadiem v. Stadiem,* 230 N.C. 318, 52 S.E. 2d 899 (1949).

Because of the lack of any evidence as to reasonable attorney's fees and the absence of any findings by the trial judge based upon such evidence as to the reasonable worth

---

---

of attorney's fees, we think this assignment of error is well taken.

The judgment awarding alimony *pendente lite* is affirmed, and the judgment awarding fees to plaintiff's attorneys is reversed without prejudice to the right of the plaintiff, **upon proper showing, to procure reasonable counsel fees.**

Affirmed in part.

Reversed in part.

Chief Judge MALLARD and Judge HEDRICK concur.