FRANCES L. GUY v. BOBBY G. GUY

No. 7511DC337

(Filed 5 November 1975)

1. **Divorce and Alimony § 18— counsel fees pendente lite — silent record**
   The court erred in awarding plaintiff counsel fees *pendente lite* where no findings were made that plaintiff is entitled to the relief demanded, is a dependent spouse, and has insufficient means whereon to subsist during prosecution of the suit and to defray the necessary expenses thereof.

2. **Divorce and Alimony § 18— subsistence pendente lite — lump sum**
   The trial court in a divorce action did not abuse its discretion in awarding plaintiff a lump sum of $3,000 in addition to subsistence *pendente lite* where plaintiff testified that she was living in an unfurnished house and she and her son were sleeping on the floor, and that she had to borrow money to maintain some basic standard of living and had to work two jobs.

3. **Divorce and Alimony § 22— notice of child custody hearing — participation in hearing**
   Although notice of a hearing related only to alimony and counsel fees *pendente lite* and was silent as to custody and child support, defendant cannot complain that an award of custody was made without notice to him and without according him an opportunity to be heard where defendant participated in the hearing in which evidence con-

cerning custody and support was presented and defendant personally testified with respect thereto.

**4. Appeal and Error § 6— divorce action — enjoining withdrawals from bank accounts — joinder of banks as parties — interlocutory order — no appeal**

> Order of the trial court enjoining the withdrawal of funds from savings accounts pending trial of an action for alimony and divorce and joining the banks holding the accounts as defendants in the action was interlocutory and not appealable.

APPEAL by defendant from *Lyon, Judge.* Judgment and orders entered 4 and 6 February 1975 in the General Court of Justice, District Court Division, HARNETT County. Heard in the Court of Appeals 26 August 1975.

Plaintiff wife, alleging physical and mental abuse, initiated divorce proceedings on 24 January 1974. Plaintiff sought, *inter alia,* custody of a minor child, child support, alimony pendente lite, permanent alimony, and attorney fees. Defendant denied all material allegations and also prayed for custody of the child. The case was heard 30 January 1975.

Within a week of the hearing, the plaintiff, having determined that any interest she might have in approximately $60,000 held by her estranged husband in various savings accounts might be in jeopardy, moved that the banks in which the savings accounts were held be made parties. Pursuant to plaintiff's motions, the court ordered the account-holding banks joined as defendants on 4 February 1975 and simultaneously enjoined the withdrawal of any of the funds then on deposit. Two days later, the court awarded plaintiff, *inter alia,* alimony pendente lite, a lump sum of $3,000, child custody, child support and attorney fees. From the order entered, defendant appealed.

*Bryan, Jones, Johnson, Hunter & Greene, by Robert C. Bryan, for plaintiff appellee.*

*Johnson & Johnson, by W. A. Johnson, for defendant appellant.*

MORRIS, Judge.

Defendant challenges (1) the award of attorney fees to plaintiff; (2) the lump sum award of $3,000; (3) the custody award to plaintiff and the visitation schedule which defendant contends makes his rights contingent on plaintiff's approval; (4) the joinder of the banks as defendants; and (5) the order en-

Guy v. Guy

joining withdrawal of any disputed funds held by the defendant banks.

[1]  We agree with defendant that the court erred in awarding plaintiff counsel fees. Under the statutory framework of G.S. 50-16.4, a court may tax "reasonable" counsel fees against " . . . the supporting spouse in the same manner as alimony." In order to obtain alimony, and therefore reasonable attorney fees, the dependent spouse must prove entitlement to such relief, and the court must make the requisite findings of facts from the relevant evidence presented. G.S. 50-16.3, et seq.; G.S. 50-16.8(f). Our Supreme Court, speaking through Justice Branch, has stated that:

> "The clear and unambiguous language of the statutes under consideration provide as prerequisites for determination of an award of counsel fees the following: (1) the spouse is entitled to the relief demanded; (2) the spouse is a dependent spouse; and (3) the dependent spouse has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof.
>
> There is some language in our decisions which leaves the impression that the allowance of counsel fees and subsistence pendente lite lies solely within the discretion of the trial judge, and that such allowance is reviewable only upon a showing of an abuse of the judge's discretion. . . .
>
> The correct rule, overwhelmingly approved by our Court, is that the facts required by the statutes must be alleged and proved to support an order for subsistence pendente lite." *Rickert v. Rickert,* 282 N.C. 373, 378-379, 193 S.E. 2d 79 (1972).

In the case before us, the court did not make the required findings of fact, and the silent record cannot support the award of counsel fees.

[2]  Defendant also contends that there was no evidence warranting an award of $3,000 in addition to the subsistence support awarded plaintiff. We disagree. Plaintiff testified extensively with respect to her difficult and almost impecunious financial position. She stated that she was living in an unfurnished house and that she and her son were "sleeping on the floor." She also pointed out that she had to borrow money to maintain some basic standard of living and had to work two jobs. As our Court previously has held, the trial court must

exercise its own discretion in assessing the financial needs and equities of the dependent spouse. *Austin v. Austin,* 12 N.C. App. 390, 183 S.E. 2d 428 (1971) ; G.S. 50-16.3. The trial judge, reacting to each case flexibly and fairly, may award the financially strained spouse assistance through a lump sum payment, a monthly stipend, or some unique combination thereof, in his discretion. *Austin v. Austin, supra.* The dependent spouse, as in the case at bar, may recover this support ". . . not only from the time she instituted her action, but from the time . . . [of the separation]." *Austin v. Austin, supra,* at 393. We find no abuse of discretion in the combination award by the court. *Austin v. Austin, supra,* at 392-393. To the contrary, our perusal of the record indicates that the court responded effectively to the urgent economic situation in which the plaintiff wife was placed.

[3]    Defendant next contends that the award of custody of the child to plaintiff was made without prior notice to him and without affording him an opportunity to be heard. The matter was first heard by Judge Godwin on 27 March 1974 on plaintiff's motion for custody of the child, alimony pendente lite, and child support. Evidence was presented and the court announced his decision but no order was entered. Defendant gave notice of appeal. The record is silent as to the evidence presented and the terms of the proposed order. On 7 October 1974, Judge Godwin entered an order reciting the events as they had transpired. He noted that plaintiff's counsel had not presented an order, that plaintiff had employed new counsel who had moved for mistrial and that the case be set for rehearing. He found that neither party would be prejudiced by "a setting aside by the court of all proceedings had in this matter to date," and ordered that "this matter be and the same is mistried as to all proceedings to date, that a hearing *de novo* be heard for any interlocutory matters now pending and that the said cause is ordered placed back on the calendar for hearing before another judge at such time as the parties might agree upon, or as ordered by the court." On 30 January 1975, plaintiff served on defendant a notice that the plaintiff, on 30 January 1975, would move "for an order awarding her alimony pendente lite, counsel fees, and possession of items of personal property belonging to the plaintiff that are now in the possession of the defendant, and for reasonable counsel fees as provided by law." The notice was silent as to custody of the child or child support. On 10 February 1975, two orders were filed, both dated 6 February 1975.

One made an award of alimony pendente lite, counsel fees, ordered defendant to deliver certain items of personal property to plaintiff, and ordered defendant to pay into the office of the Clerk the sum of $150 for the reasonable support of the minor child, the child support and alimony to be paid "for the use and benefit of the plaintiff." On appeal, defendant does not object to the portion of the order providing for child support. The other order filed awarded plaintiff custody of the child with right of visitation in the defendant. It is to this order that defendant objects, contending that he had no notice. We notice that at the hearing defendant objected and excepted to admissions of testimony with respect to acts of violence committed by him on the son. Those exceptions are not brought forward on appeal. Plaintiff testified with respect to the son's expenses and all of the testimony came in without objection. Without objection, she testified that the son spent no time with defendant. Defendant himself testified that he had made his son the beneficiary of insurance policies, that he had paid $100 per month for his support during 1974, that he had paid his dental bills, and that he had given the boy a Honda just before Christmas. It is difficult to imagine that defendant was not aware that child support and custody were at issue. While it is true that the notice of hearing was silent as to custody and child support, defendant's participation in the hearing, personally testifying with respect thereto, makes his position on appeal untenable, particularly in view of the total circumstances. He may, of course, make a motion in the cause if he be so advised.

[4]  Finally, the defendant attacks the validity of the joinder and restraining orders.

The joinder and restraining orders are in the nature of interlocutory orders. As such, they are generally held nonappealable unless some substantial right will be affected if the appeal is not immediately perfected. G.S. 1-277; G.S. 1A-1, Rule 54; *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975). Justice Ervin, writing for our Supreme Court, forcefully amplified this general rule, warning that no appeal should lie ". . . unless such [interlocutory] order affects some substantial right claimed by the appellant and will work an injury if not corrected before an appeal from the final judgment. . . . There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through

the medium of successive appeals from intermediate orders." *Veazey v. City of Durham*, 231 N.C. 357, 362-363, 57 S.E. 2d 377 (1950). In the instant case, the deleterious impact on defendant is not so substantial at this stage of the proceeding that it must be immediately reviewed. There can be little doubt that a restraint on the use of these funds invokes some discomfort upon defendant. The court has yet to speak on the matter of ownership of the funds. This as yet unresolved question is a substantial feature of the case. Without question, fair play requires that ownership of the funds be expeditiously and dispositively resolved. Rule 65 provides a channel for an effective challenge to the order entered.

Unlike the question of subsistence pendente lite or temporary child custody, the matter of disputed ownership of considerable assets will turn on determinations made in the context of a final hearing on the merits of all the claims and assertions. When the court, on the other hand, awards susistence pendente lite, the supporting spouse can bring that intermediate matter to an appellate court for review because his financial detriment is palpable and immediate. When the court orders a freeze on disbursement of disputed funds, pending a hearing on the merits, it merely inconveniences the claimants and arguably may ultimately work no injury to the prevailing party.

Those portions of the judgments awarding alimony pendente lite, child support, child custody, and personal property are affirmed. That portion of the judgment awarding fees to plaintiff's counsel is reversed without prejudice to the right of plaintiff, upon proper showing, to procure reasonable counsel fees.

Affirmed in part.

Reversed in part.

Judges VAUGHN and CLARK concur.