## (January 12, 1981)

■ FRANK D. ABRUSCI, Appellant, v ANGELICA ABRUSCI, Respondent. — In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Westchester County, entered February 28, 1980, as (1) directed him to pay defendant $140 per week as alimony from the day he abandoned her, less credits for payments made to date, and (2) awarded defendant a counsel fee of $1,200. Judgment modified, on the law, by (1) changing the date "September 25, 1978" in the second decretal paragraph to "July 6, 1979," and (2) reducing the counsel fee award to $900. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The award of $140 per week as alimony was a valid exercise of the court's discretion. However, the court erred in ordering alimony payments to commence as of the date of the abandonment. Such payments may be ordered to commence, at the earliest, only as of the time the action was commenced (see Harris v Harris, 259 NY 334; Brown v Brown, 34 AD2d 907), and even then, only with a proper regard for the circumstances of the particular case (see Mittman v Mittman, 263 App Div 384). Under the particular facts of this case, the husband's liability for alimony should run from the date that the action was commenced. In determining counsel fees, Special Term considered services rendered by the wife's attorney during a prior proceeding in the Family Court. This was improper, for an application for counsel fees must be made during the course of the action for which the fees are sought (see Osetek v Osetek, 75 AD2d 867; Matter of Cassieri v Cassieri, 31 AD2d 927). Accordingly, we reduce the counsel fee award to $900. Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.