411 So.2d 1334 (1982)
Joseph Horace WRIGHT, Appellant,
v.
Isabel Anita WRIGHT, Appellee.
No. 81-283.
District Court of Appeal of Florida, Fourth District.
March 17, 1982.
Rehearing Denied April 26, 1982.
*1335 Robert J. O'Toole, Fort Lauderdale, for appellant.
Larry Klein, West Palm Beach, and DiGiulian, Spellacy & DiChiara, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Joseph H. Wright, respondent in a domestic relations case, seeks review of a final judgment awarding the appellee, Isabella A. Wright, alimony, child support, and the division of certain property.
The parties initially lived in Maryland, where they owned a home by the entireties. They also had a home in Pompano Beach where they spent time during the winter. Eventually, the appellee became ill and she, her mother, and the minor daughter of the parties came to live permanently in Florida in 1976. The appellant commuted from Maryland until April 1977, when the parties ceased living together. In May 1977, the appellee filed in the Broward County Circuit Court this suit for dissolution of marriage and for alimony, child support, and a division of the property owned by the parties. The appellant successfully evaded service of process until December 1977, when personal service of process was obtained upon him in Broward County. In the interim, however, the appellant had brought a suit for divorce in Nevada and had process served upon the appellee in Florida. The appellee did not appear in the Nevada proceedings and the judgment entered therein simply dissolved the marriage.
In the final judgment entered in the present proceedings the trial court found that the Nevada judgment dissolved the marriage between the parties but left unresolved all other questions pertaining to alimony, child support, and the existing property rights. Accordingly, the court awarded the wife alimony and child support retroactive to the date suit was filed in Florida and title to the Pompano Beach home. Appellant was awarded title to the Maryland home.
Appellant contends the trial court erred in entering the judgment for appellee in that the court lacked jurisdiction over the parties and the questions raised were res judicata in view of the Nevada judgment. The appellant further contends the amount awarded as alimony was error because the trial court made a distribution of the parties' property under the auspices of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), which, in fact, "short changed" appellant.
We reject the appellant's first two points. Appellant's reliance upon Overly v. Overly, 66 So.2d 706 (Fla. 1953), is misplaced. In that case Mr. Overly was served with process in the Wisconsin divorce action and filed an answer therein before he instituted a divorce action in Florida. The Wisconsin trial court entered final judgment before the Florida trial court did; thus the Florida Supreme Court held the Wisconsin judgment precluded an adjudication by the Florida trial court of matters already adjudicated in the Wisconsin forum.
Appellee was served in the Nevada proceedings by means of constructive service; she was never personally served with process in Nevada, nor did she ever participate in the Nevada proceeding. Thus, we hold that Nevada never had in personam jurisdiction over appellee and could not (and did not) adjudicate the alimony, child support, and property rights between the parties. See, e.g., Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957); Pawley v. Pawley, 46 So.2d 464 (Fla. 1950); Storer v. Storer, 305 So.2d 212 (Fla. 3d DCA 1975). Recognizing this to be *1336 the law, the learned trial judge proceeded to adjudicate the property rights of the parties in the Broward County litigation.
During the progress of this case appellant never paid appellee any alimony, and he paid only $50 per week pursuant to a Maryland Uniform Reciprocal Enforcement of Support Act (URESA) order. Appellant contends the trial court erred in awarding the wife child support and periodic alimony retroactive to the date appellant filed suit because the Nevada action and the URESA order barred such awards.
We hold the Nevada judgment and the URESA order do not preclude the award of retroactive alimony and child support. URESA by its terms has no effect upon such an award made by a court of this state. See Section 88.281, Florida Statutes (1979). Furthermore, as above indicated, the Nevada court had no jurisdiction to, and did not, adjudicate the issue of alimony and child support. But the appellant argues that there is no Florida authority for a court to award alimony and child support retroactively to the time of filing suit. We recognize that there is no such authority; we also recognize that there is no Florida authority prohibiting such an award. Moreover, courts of other states have spoken approvingly of award of alimony that are retroactive to the date suit is filed. See Lowe v. Lowe, 28 A.D.2d 212, 284 N.Y.S.2d 227 (1967); Brown v. Brown, 34 A.D.2d 907, 311 N.Y.S.2d 467 (1970); Abrusci v. Abrusci, 79 A.D.2d 980, 434 N.Y.S.2d 722 (1981); Guy v. Guy, 27 N.C. App. 343, 219 S.E.2d 291 (1975). On balance, we can see no reason not to allow a court in an appropriate case to make an award of alimony and child support retroactive. The failure to obtain a temporary award pendente lite may constitute a waiver or create an estoppel because of circumstances that transpire in the interim. However, absent such reasons we believe the trial court has that power.
Appellant also complains that the award of alimony was excessive and beyond his ability to pay. The trial court relied to some extent upon appellant's life style both prior to and during the litigation to make that award. We cannot say the amount set by the court constituted an abuse of discretion.
Finally, appellant does not attack the distribution of property as being beyond the trial court's authority; he simply contends the distribution was not equitable in that it gave appellee too much. We disagree.
In view of the foregoing, the judgment appealed from is affirmed.
AFFIRMED.
LETTS, C.J., and BERANEK, J., concur.